[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-17006

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 14, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-02396-CV-BBM-1

BRENDA EDWARDS,

Plaintiff-Appellee,

versus

NIAGARA CREDIT SOLUTIONS, INC.,
a New York corporation,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 14, 2009)

Before CARNES, FAY and ALARCÓN,[*] Circuit Judges.

CARNES, Circuit Judge:

_____

[*]Honorable Arthur L. Alarcón, United States Circuit Judge for the Ninth Circuit, sitting by designation.

In an oft-repeated statement from the Vietnam War, an unidentified American military officer reputedly said that "we had to destroy the village to save it."[1] That oxymoronic explanation may be apocryphal, but the debt collection agency in this case offers up much the same logic to explain why it violated the Fair Debt Collection Practices Act: it was necessary to violate the Act in order to comply with the Act.

## I.

Brenda Edwards owed money to the Consumer Shopping Network. Her past due account was assigned to Niagara Credit Solutions, Inc. for collection. Niagara is a debt collection agency subject to the provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692p. It attempts to collect debts by sending letters and making phone calls to debtors.

As part of its collection efforts, Niagara left over a dozen messages on Edwards' answering machine from July through October 2007. In September 2007, Niagara left a pre-recorded message on her machine stating: "This is an important message for Edwards Brenda. [sic] Please return this message at 1-800-381-0416, between the hours of 8 a.m. and 9 p.m. eastern standard time. It is important that you reach our office." The next month Niagara left another message

---

[1]See Bruce O. Solheim, The Vietnam War Era: A Personal Journey 80 (2006).

on her answering machine: "This message is intended for Brenda Edwards. Please contact Jennifer [last name not clear] at 1-800-381-0416, my extension is 220. When returning my call have your file number available, it's 1250740."

At the time of those events Niagara had a well-defined policy about messages that it left on debtors' answering machines. That policy was to: leave a message asking the debtor to call back about an important matter; provide Niagara's phone number; supply the real first name of the person calling on behalf of Niagara; and give any reference number assigned to the account. Niagara purposefully left out of the messages any information disclosing that they were from Niagara Credit Solutions, Inc. or a debt collector or that the call had been made for the purpose of collecting a debt. The Fair Debt Collection Practices Act specifically requires that a debt collector disclose in all communications with a debtor that the message is from a debt collector. See 15 U.S.C. § 1692e(11). Niagara deliberately chose not to comply with that requirement because it feared that doing so would risk violating another provision of the Act, which generally forbids an agency from communicating about the debt with a third party. See 15 U.S.C. § 1692c(b). It was concerned that answering machine messages might be played by or within the hearing of a family member or roommate, who would then know that a collection agency was calling the debtor.

3

**II.**

In September 2007 Edwards filed a complaint against Niagara alleging that the messages it left on her answering machine violated § 1692e(11) of the Fair Debt Collection Practices Act, as well as § 1692d(6) (requiring meaningful disclosure of the caller's identity). She sought an award of statutory damages, costs, and attorney's fees and moved for summary judgment. Niagara asserted a number of defenses, including the bona fide error defense contained in § 1692k(c). The district court granted summary judgment in favor of Edwards after concluding, among other things, that the messages Niagara left violated § 1692d(6) and § 1692e(11) and that the bona fide error defense did not apply. Niagara concedes at this stage that the messages it left violated § 1692e(11) and is only challenging the district court's conclusion that it is not protected by the bona fide error defense.[2] The issue before us is whether a debt collector is entitled to the bona fide error defense when it intentionally violates one provision of the Act in order to avoid the risk of violating another provision.

---

[2]Niagara has waived any argument that the messages did not also violate § 1692d(6). Although it made such an argument in the district court, Niagara failed to include that argument in the initial brief it filed in this Court. Even though Niagara asserted at oral argument that it had not violated § 1692d(6), that assertion comes too late to preserve the issue. See McFarlin v. Conseco Servs.,LLC, 381 F.3d 1251, 1263 (11th Cir. 2004) ("A party is not allowed to raise at oral argument a new issue for review."); Marek v. Singletary, 62 F.3d 1295, 1298 n.2 (11th Cir. 1995) ("Issues not clearly raised in the briefs are considered abandoned."). Nevertheless, we will not rely on the waiver because Niagara's concession that it violated one provision of the Act is enough; an additional violation does not affect our analysis.

**III.**

The Fair Debt Collection Practices Act was enacted by Congress "to eliminate abusive debt collection practices by debt collectors" and "to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Congress found abusive practices by debt collectors to be "serious and widespread." Russell v. Equifax A.R.S., 74 F.3d 30, 33 (2d Cir. 1996). The Act provides a civil cause of action against any debt collector who fails to comply with the requirements of the Act, including § 1692e(11). See 15 U.S.C. § 1692k(a). A debt collector can be held liable for an individual plaintiff's actual damages, statutory damages up to $1,000, costs, and reasonable attorney's fees. 15 U.S.C. § 1692k(a)(1)–(3).

The Act, however, provides debt collectors with an affirmative defense called the "bona fide error" defense, which insulates them from liability even when they have failed to comply with the Act's requirements. Johnson v. Riddle, 443 F.3d 723, 727 (10th Cir. 2006). The defense is found in 15 U.S.C. § 1692k(c), which provides:

> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

A debt collector asserting the bona fide error defense must show by a

5

preponderance of the evidence that its violation of the Act: (1) was not intentional; (2) was a bona fide error; and (3) occurred despite the maintenance of procedures reasonably adapted to avoid any such error.  Johnson, 443 F.3d at 727–28.  The failure to meet any one of those three requirements is fatal to the defense.

Niagara cannot make the first required showing.  Section 1692e(11) requires a debt collector "to disclose in subsequent communications that the communication is from a debt collector."  15 U.S.C. §1692e(11).[3]  By its own admission, Niagara deliberately decided not to disclose in the messages it left that the caller was a debt collector.  Its failure to disclose was intentional.

Niagara has also failed to meet the second requirement of the bona fide error defense, which is that the violation actually be a "bona fide" error.  Taking Niagara at its word, it was concerned that disclosing that the call was from a debt collector could result in a violation of 15 U.S.C. § 1692c(b), which prohibits a debt collector from communicating with third parties about the consumer's debt.[4]  Niagara feared

_____

[3]All the communications alleged in this case were  "subsequent communications" within the meaning of § 1692e(11).

[4]Section 1692c(b) provides: "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

6

that leaving a message on a debtor's machine stating that it was from a debt collector calling to collect a debt might be viewed as a violation of § 1692c(b) if the message were overheard by or played in the presence of someone other than the debtor, such as a family member or roommate. We do not need to decide whether that concern is well-grounded in the law. Even if there would be a violation of § 1692c(b) in those circumstances, involving fewer than all of the messages left on answering machines, Niagara's violation of § 1692e(11) with every message it left cannot be said to be a bona fide error.

As used in the Act "bona fide" means that the error resulting in a violation was "made in good faith; a genuine mistake, as opposed to a contrived mistake." Kort v. Diversified Collection Servs., Inc., 394 F.3d 530, 538 (7th Cir. 2005); see also Black's Law Dictionary 186 (8th ed. 2004) (defining "bona fide" as "1. Made in good faith; without fraud or deceit" and "2. Sincere; genuine"); Garcia v. Vanguard Car Rental USA, Inc., 540 F.3d 1242, 1246 (11th Cir. 2008) ("When statutory terms are undefined, we typically infer that Congress intended them to have their common and ordinary meaning, unless it is apparent from context that the disputed term is a term of art."). To be considered a bona fide error, the debt collector's mistake must be objectively reasonable. Johnson, 443 F.3d at 729 ("[I]n effect, [the bona fide] component serves to impose an objective standard of

reasonableness upon the asserted unintentional violation." (second alteration in original) (internal quotation marks omitted)). Just as it is not reasonable to destroy a village in order to save it, neither is it reasonable to violate an Act in order to comply with it. It was not reasonable for Niagara to violate § 1692e(11) of the Fair Debt Collection Practices Act with every message it left in order to avoid the possibility that some of those messages might lead to a violation of § 1692c(b).

Niagara complains that if it is not permitted to leave out of its answering machine messages the disclosure required by § 1692e(11), the result will be that it cannot leave any messages on answering machines. That assumes an answering machine message that includes the disclosure required by § 1692e(11), if heard by a third party, would violate § 1692c(b). We have not decided that issue, but even if Niagara's assumption is correct, the answer is that the Act does not guarantee a debt collector the right to leave answering machine messages.

Because Niagara has failed to meet either of the first two requirements of the bona fide error defense of § 1692k(c), we need not decide whether it also has failed to meet the third one, which requires the maintenance of procedures reasonably designed to avoid the violation of the Act. Although the district court's grant of summary judgment to Edwards was based on that ground, we can and do affirm on different grounds. See Cuddeback v. Fla. Bd. of Educ., 381 F.3d 1230, 1235 (11th

Cir. 2004) ("This court may affirm [summary] judgment on any legal ground, regardless of the grounds . . . relied upon by the district court.").

**AFFIRMED.**