[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 30, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-11230
Non-Argument Calendar

_____

D. C. Docket No. 07-02396-CV-BBM-1

BRENDA EDWARDS,

Plaintiff-Appellee,

versus

NIAGARA CREDIT SOLUTIONS, INC.,
a New York corporation

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(December 30, 2009)

Before CARNES, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Niagara Credit Solutions, Inc., a debt collection agency subject to the provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692p, appeals the district court's order awarding $33,036.00 in attorney's fees to Brenda Edwards.

## I.

On September 28, 2007, Brenda Edwards filed a complaint against Niagara Credit Solutions, Inc. alleging that messages Niagara left on her answering machine violated §§ 1692e(11) and 1692d(6) of the Fair Debt Collection Practices Act. She sought an award of statutory damages, costs, and attorney's fees. On November 13, 2008, the district court granted summary judgment in favor of Edwards after concluding, among other things, that Niagara's messages violated those provisions and that the company was not protected by the bona fide error defense, an affirmative defense available to debt collectors under the Act. See 15 U.S.C. § 1692k(c). On February 9, 2009, the district court awarded Edwards $33,036.00 in attorney's fees. The Fair Debt Collection Practices Act allows a prevailing plaintiff to recover "a reasonable attorney's fee as determined by the court." See § 1692k(a)(3).

In a separate appeal, Niagara challenged the district court's determination that it was not protected by the bona fide error defense. In Edwards v. Niagara

<u>Credit Solutions, Inc.</u>, 584 F.3d 1350 (11th Cir. 2009), we affirmed the district court's grant of summary judgment in favor of Edwards, concluding that Niagara was not protected by the bona fide error defense because its violation of the Act was intentional and did not constitute a bona fide error. <u>See</u> <u>id.</u> at 1353–54. In this appeal, Niagara is challenging the district court's award of attorney's fees to Edwards. Niagara does not contest the amount of Edwards' award but rather asserts that Edwards was not entitled to attorney's fees because it was protected by the bona fide error defense. We have already decided that issue against Niagara. Accordingly, we affirm the district court's order awarding Edwards attorney's fees.

**AFFIRMED.**