[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11458
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 20, 2010
JOHN LEY
CLERK

D.C. Docket No. 1:09-cv-21435-MGC

E. JENNIFER NEWMAN,

Plaintiff-Appellant,

versus

GREGG J. ORMOND,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 20, 2010)

Before DUBINA, Chief Judge, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Appellant E. Jennifer Newman appeals the district court's grant of summary

judgment in favor of Gregg J. Ormond in her Fair Debt Collection Practices Act

("FDCPA") suit brought pursuant to 15 U.S.C. § 1692, *et seq*. Newman alleged that Ormond, an attorney and a debt collector, committed a number of violations of the FDCPA while attempting to collect on a defaulted student loan that Newman owed to the University of Miami, including: (1) misrepresenting the amount of her debt; (2) illegally requesting a specific amount of attorney's fees; (3) sending her writs of execution without identifying any property subject to levy and without any intent to pursue the writs; (4) falsely representing that she refused to settle the matter prior to trial; and (5) scheduling a deposition for a prohibited time.

Both parties filed motions for summary judgment. The district court granted Ormond's motion for summary judgment and denied Newman's motion. The district court initially noted that Newman's motion for summary judgment contained a number of claims not included in her second amended complaint, and denied her summary judgment on the new claims without analysis. The court noted that the trial notice that Newman complained violated the FDCPA was issued not by Ormond, but by the state trial court. The court found that Ormond's request for attorney's fees did not violate the FDCPA because Newman's promissory note agreed that she would pay all reasonable costs of collection, including attorney's fees. The court also found that the writs of execution filed by

2

Ormond did not violate the FDCPA, because Ormond was free to collect on his client's judgment and because Newman presented no evidence that Ormond did not intend to levy on her property. The court additionally found that Newman failed to state a plausible claim against Ormond based on his statement that she refused to settle the matter because the statement was made in a motion to the state court, which does not constitute a communication under the FDCPA. The court also concluded that the time listed in the deposition notice was a mere typographical error, and not a violation of the FDCPA. Upon review of the record and consideration of the parties' arguments, we affirm in part and reverse in part.

We review a district court's grant or denial of a motion for summary judgment *de novo*, viewing the record and drawing all reasonable inferences in the light most favorable to the non-moving party. *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1311 (11th Cir. 2002). Under Fed. R. Civ. P. 56(c), summary judgment is proper only if the record as a whole shows that there exists no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1189 (11th Cir. 2010). Once the moving party satisfies its burden, the burden of persuasion shifts to the non-moving party to establish the existence of a genuine issue of material fact. *Id.*

Congress enacted the FDCPA to (a) stop debt collectors from using abusive debt collection practices, (b) insure that debt collectors who refrain from such practices are not competitively disadvantaged, and (c) promote consistent state action to protect consumers from such practices. 15 U.S.C. § 1692e. The FDCPA provides a civil cause of action against any debt collector who fails to comply with its requirements. *Edwards v. Niagara Credit Solutions, Inc.*, 584 F.3d 1350, 1352 (11th Cir. 2009). "The FDCPA does not ordinarily require proof of intentional violation and, as a result, is described by some as a strict liability statute." *LeBlanc*, 601 F.3d at 1190.

## I.

On appeal, Newman argues that the district court erred in granting summary judgment for Ormond without addressing all of the issues raised in her complaint and cross-motion for summary judgment. Although the Supreme Court has mandated liberal pleading standards for civil complaints, the standard "does not afford plaintiffs with an opportunity to raise new claims at the summary judgment stage." *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1314 (11th Cir. 2004). Accordingly, "[a]t the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Fed. R. Civ. P. 15(a)." *Id*. at 1315.

4

Newman stated below that she had not previously raised the additional claims because she did not discover the underlying facts of those claims until the discovery stage. Accordingly, the district court correctly concluded that Newman raised new claims in her motion for summary judgment and thus did not err in denying Newman summary judgment on those issues without discussion.[1]

## II.

Newman next argues that summary judgment was inappropriate because the evidence demonstrated that Ormond violated the FDCPA by failing to reveal the amount of the debt being sought at trial and refusing to delineate the amount sought between actual debt and attorney's fees and collection costs.

The FDCPA provides that a debt collector must communicate to the debtor, either in the initial communication or within 5 days after the initial communication, the following information: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; and (3) statements regarding the consumers right to dispute the debt, obtain verification of the debt, or obtain the name and address of the original creditor. 15 U.S.C. § 1692g(a). The FDCPA

---

[1]Newman is, however, correct that the district court failed to address two of the claims that she raised in her second amended complaint: (1) that Ormond violated the FDCPA when he sent her a document containing the information of another debtor, and (2) that Ormond attempted to entrap her or have her sanctioned by telling her that a hearing was cancelled that was not actually cancelled. Therefore, we will address these two arguments in subsection VI.

also prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt, including "false representation of the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). A debt collector is also prohibited from using any false representation or deceptive means to collect or attempt to collect any debt. 15 U.S.C. § 1692e(10).

No genuine issue of material fact exists that Ormond misrepresented the character, amount, or legal status of Newman's debt. First, the documentation that Ormond sent to Newman expressly stated that the amount of Newman's debt may vary daily based on additional interest, late charges, and collection costs, and was not a misrepresentation simply because the amount listed in it differed from the amount ultimately sought in settlement and judgment. Next, because the trial notice is a document provided by the court, rather than the debt collector, Ormond could not have made any misrepresentation in violation of the FDCPA in this document. Additionally, Ormond's settlement offer two days before trial was not a misrepresentation, but rather, a private settlement offer. *See United States v. City of Miami*, 664 F.2d 435, 440 (5th Cir. 1981) ("The parties have a right to compromise their dispute on mutually agreeable terms."). Finally, nothing in the FDCPA requires detailed or continuing disclosure by a debt collector.

6

*See* 15 U.S.C. § 1692, *et seq*. Thus, the district court correctly granted Ormond summary judgment on this issue.

**III.**

Newman also argues that Ormond had no statutory or contractual basis for seeking attorney's fees, and that he failed to show how the amount of fees sought were calculated or why the amount was reasonable. Newman argues that, because it is the duty of a state court judge to determine what fee is reasonable, a debt collector violates the FDCPA by requesting a specific sum of attorney's fees, even if the debtor's contract provides for the payment of attorney's fees.

The FDCPA prohibits a debt collector from using any "unfair or unconscionable means to collect or attempt to collect any debt" including "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). Florida has adopted the federal lodestar approach to calculating reasonable attorney's fees. *Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1150 (Fla. 1985). In determining reasonable attorney's fees, the trial court must consider a contingency risk factor when the prevailing party's counsel is subject to a contingency fee agreement. *Id*. at 1151. "However, because the party paying the fee has not

participated in the fee arrangement between the prevailing party and that party's attorney, the arrangement must not control the fee award[.]" *Id*.

By signing her promissory notes, Newman expressly agreed to pay the reasonable costs of collection should she default on her payments, including reasonable attorney's fees. Ormond's request for attorney's fees complied with Florida law, and was not a violation of the FDCPA simply because the amount ultimately awarded may have differed from the amount requested. *See Heintz v. Jenkins*, 514 U.S. 291, 296, 115 S. Ct. 1489, 1491, 131 L. Ed. 2d 395 (1995) ("[W]e do not see how the fact that a lawsuit turns out ultimately to be unsuccessful could, by itself, make the bringing of it an 'action that cannot legally be taken.'"). Newman has provided no basis for her argument that an attorney may not request a specific amount of attorney's fees prior to the entry of a judgment for such fees. Accordingly, there is no genuine issue of material fact, and the district court correctly granted Ormond summary judgment on this issue.

**IV.**

Newman argues that, because Florida law requires a creditor to identify property that is subject to levy in order to execute a levy, Ormond did not intend to, and could not legally have, executed on any of her property because no discovery regarding her property had been conducted when she received the writs.

8

Newman further argues that Ormond's admission that he never submitted the writs to any sheriffs is evidence demonstrating his lack of intent to pursue the execution of her property, and that questions of intent under the FDCPA should be determined by a jury. Newman also argues that a jury should have determined whether it was reasonable of her to believe that all of the sheriffs in Florida would immediately come to her home to seize all of her property, and whether Ormond was the proximate cause of the death of the family cat.

Under the FDCPA, a debt collector may not take or threaten to take a consumer's property in a nonjudicial action if (a) there is no present right to the property through an enforceable security interest, (b) there is no present intention to take possession of the property, or (c) the property is exempt from being taken. 15 U.S.C. § 1692f(6). The FDCPA also prohibits a debt collector from representing that nonpayment of a debt will result in the seizure, attachment or sale of any property unless such action is lawful and the debt collector intends to take such action, or from threatening to take any action that cannot be legally taken or that is not intended to be taken. 15 U.S.C. § 1692e(4), (5).

A claim raised under § 1692e(5) "requires proof of a fact which amounts to a *per se* violation [and the] sophistication, or lack thereof, of the consumer is irrelevant to whether [the debt collector] threatened to take any action that was not

9

intended to be taken." *Jeter v. Credit Bureau Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985). A debt collector's "conclusory affidavit" that there was intent to take a certain course of legal action is not dispositive, especially in light of conflicting evidence. *Id*. at 1177. Thus, where the parties agree on the basic facts of the case, but disagree upon the proper inferences to be drawn from the debt collector's actions, there exists a genuine issue of material fact that should be determined "by the trier of fact, not by the court in a summary judgment context." *Id*. at 1176–77.

Under Florida law, a judgment creditor may request that the clerk of court issue a writ of execution, "directed to all and singular the sheriffs of the state," in order to satisfy the amount of the judgment. Fla. Stat. § 56.031; *see* Fla. R. Civ. P. 1.914. Once issued, an execution is valid and effective during the life of the judgment on which it was issued. Fla. Stat. § 56.021. Real and personal property are subject to levy and sale under execution. Fla. Stat. § 56.061. A debtor's property becomes subject to levy at the time that the writ is delivered to the sheriff. *See*, *e.g.*, *Krauth v. First Continental Dev-Con, Inc.*, 351 So. 2d 1106, 1108 (Fla. 4th DCA 1977). A judgment creditor proceeding by writ of execution acquires a lien as of the time of levy and only on the property levied upon. Fla. Stat. § 55.205.

First, Ormond's actions did not violate § 1692f(6) because that subsection applies only to threats to take property by nonjudicial action, whereas a writ is a judicial action. However, there is a genuine issue of material fact as to whether Ormond violated § 1692e(5). The undisputed facts demonstrate that Ormond sent Newman a writ of execution for each of the judgments against her, neither of which listed any specific property to be levied, and neither of which were ever delivered to any sheriff. The parties disagree, however, on the inferences to be drawn from the issuance of the writs and Ormond's subsequent failure to execute on them. Because the facts and the parties' inferences from them create a reasonable disagreement as to Ormond's intent to levy upon Newman's property, a genuine issue of material fact exists as to whether Ormond intended to take the legal action that he threatened in the writs of execution. *See Jeter*, 760 F.3d at 1175–77. Summary judgment on this issue was inappropriate, and we reverse and remand to the district court for further proceedings.[2]

**V.**

---

[2] Newman's argument that Ormond was the proximate cause of the death of her family cat is relevant only to the issue of damages. Because Ormond's liability under the FDCPA has not yet been established, the issue of damages is not ripe for appeal.

11

Newman argues that Ormond's assertion in a motion filed in state court that she refused to settle the matter was a false statement made in violation of the FDCPA.

The FDCPA prohibits a debt collector from making any "false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer." 15 U.S.C. § 1692e(7).

Newman failed to allege any facts or submit any evidence supporting her argument that refusing to settle a lawsuit is conduct that would be considered disgraceful. Both parties made settlement offers prior to trial, and both parties refused to settle the matter, instead opting to go to trial. Ormond's statement was not a false representation, and the district court correctly granted him summary judgment on this issue.

## VI.

Newman argues that the deposition notice that Ormond prepared, which Newma never recieved, was a violation of the FDCPA, because it scheduled a deposition at a prohibited time. Newman also argues that Ormond violated the FDCPA by sending Newman another debtor's information. Newman further argues that Ormond failed to show by a preponderance of the evidence that either of these acts were the result of bona fide error. Finally, Newman argues that

12

Ormond violated the FDCPA by intentionally misrepresenting to her that a hearing was cancelled.

The FDCPA provides, in relevant part, that:

[A] debt collector may not communicate with a consumer in connection with the collection of any debt – (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. . . . [A] debt collector shall assume that the convenient time for communicating with a consumer is after 8[:00 a.m.] and before 9[:00 p.m.], local time at the consumer's location[.]

15 U.S.C. § 1692c(a)(1). The FDCPA also prohibits debt collectors from using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

The FDCPA provides defendants with a "bona fide error" defense, insulating debt collectors from liability even when they have violated its strict requirements. *Edwards*, 584 F.3d at 1352. The bona fide error defense provides that "[a] debt collector may not be held liable . . . if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). "To be considered a bona fide error, the debt collector's mistake must be objectively reasonable." *Edwards*, 584 F.3d at 1353. "[T]he broad statutory requirement of procedures

13

reasonably designed to avoid 'any' bona fide error indicates that the relevant procedures are ones that help to avoid errors like clerical or factual mistakes." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.*, — U.S.—, 130 S. Ct. 1605, 1614, 176 L. Ed. 2d 519 (2010).

Although the FDCPA prohibits a debt collector from communicating with a consumer at an unusual time or place, Ormond did not actually communicate with Newman outside of the times prescribed by the FDCPA; rather the deposition notice contained a typographical error. Further, Newman failed to allege any facts or present any evidence suggesting that either sending her a document with another debtor's name and case number or informing her that a hearing was cancelled that was not actually cancelled constituted a false representation or deceptive means to collect a debt. Accordingly, the district court correctly granted Ormond summary judgment on the claim regarding the deposition notice, and he was entitled to summary judgment on Newman's remaining claims.

The only genuine issue of material fact that exists is whether Ormond intended to proceed with the execution and levy process. Accordingly, we **REVERSE** the district court's grant of summary judgment in favor of Ormond on Newman's 15 U.S.C. § 1692e(5) claim, and **AFFIRM** summary judgment for Ormond on all other issues.