[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 14, 2012
JOHN LEY
CLERK

No. 11-13688
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-20337-ASG

ISRAEL PONCE,

Plaintiff - Appellee,

versus

BCA FINANCIAL SERVICES, INC.,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 14, 2012)

Before BARKETT, MARCUS and MARTIN, Circuit Judges.

PER CURIUM:

BCA Financial Services, Inc., ("BCA"), a company that specializes in the collection of health care debt obligations, appeals from a final judgment awarding Isreal Ponce $1000 in statutory damages on three claims brought under the Fair

Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Ponce's

claims stem from BCA's attempt to collect an alleged unpaid medical debt in the

amount of $378.35.

On appeal, BCA argues that the district court erred in granting summary

judgment on Ponce's claims that (1) BCA failed to send him written notice within

five days of BCA's initial communication with him in violation of 15 U.S.C. §

1692g(a); (2) BCA's representative, Iris Moreno, failed to state that she was

"confirming or correcting location information" concerning Ponce during her

telephone conversation with Ponce's ex-wife in violation of 15 U.S.C. § 1692b(1);

and (3) Moreno falsely or misleadingly stated to Ponce that his insurance would

no longer take care of the medical debt in violation of 15 U.S.C. § 1692e. BCA

also argues that the district court erred in rejecting BCA's bona fide error defense

as to each of these three claims. Finally, BCA argues that the district court's

award of the maximum statutory damages of $1000 is too high given the *de*

*minimus* acts for which it was found liable.

We review the district court's grant of summary judgment de novo.

FindWhat Investor Group v. FindWhat.com, 658 F.3d 1282, 1307 (11th Cir.

2011). We will affirm "when the evidence, viewed in the light most favorable to

the nonmoving party, presents no genuine issue of fact and compels judgment as a

matter of law." Swisher Intern., Inc. v. Schafer, 550 F.3d 1046, 1050 (11th Cir. 2008) (citing Fed. R. Civ. P. 56(a)).  We find no reversible error.

The FDCPA requires that a debt collector must "[w]ithin five days after the initial communication with a consumer . . . send the consumer a written notice" containing specified information unless that information was already included in the initial communication.  15 U.S.C. § 1692g(a).  The district court concluded that Moreno's September 23, 2009 telephone call to Ponce was BCA's "initial communication" under 15 U.S.C. § 1692g(a).  The court rejected BCA's argument that the letter BCA mailed to Ponce on November 18, 2008 constituted its "initial communication" because it was sent to an address at which Ponce had not lived for over eight months.  While the plain language of the statute might not require the debt collector to ensure actual receipt of the written notice, the plain language does require the debt collector to send the written notice to a valid and proper address where the consumer may actually receive it.  We cannot say the district court erred in determining that the September 2009 telephone call, and not the November 18 letter, was the initial communication.  Accordingly, we find no error in the district court's conclusion that Ponce's claim under § 1692g is not barred by the statute of limitations nor its conclusion that BCA violated § 1692g by not sending written notice in accordance with § 1692g(a) within five days of

3

Moreno's telephone call to Ponce.

Next, the district court concluded that during her telephone call with Ponce's ex-wife, Moreno failed to comply with FDCPA's mandatory requirement that as a "debt collector communicating with any person other than [Ponce] for the purpose of acquiring location information about [Ponce]," that she state that she "is confirming or correcting location information concerning [Ponce]." 15 U.S.C. § 1692b. The district court rejected BCA's argument that because Moreno was not contacting a third-party in an attempt to track down Ponce that her telephone call with Ponce's ex-wife did not trigger § 1692b(1)'s requirements. The district court noted that the undisputed transcript of the telephone call indicated that Moreno asked Ponce's ex-wife numerous times if she had a number where Moreno could reach Ponce and that Moreno admitted that she never stated that she was confirming or correcting Ponce's location information. Accordingly, we see no reversible error in the district court's conclusion that BCA violated § 1692b(1).

The district court also concluded that Moreno's statement to Ponce that "sir, your insurance company will not go ahead and take care of this now," in response to Ponce's question about why his health insurance did not pay the bill violated's FDCPA's prohibition against the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C.

4

§ 1692e(10). The district court rejected BCA's argument that because it is not disputed that no insurance company has paid the medical bill despite attempts by the medical provider to obtain payment, Moreno's statement was indeed true, and therefore, cannot be deemed to have been false or misleading. The district court noted that our circuit has evaluated FDCPA's claims under the "least sophisticated consumer" standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1175 (11th Cir. 1985) (adopting the same standard for the FDCPA as that of the Federal Trade Commission Act, which was meant to protect the public, including the "ignorant, the unthinking, and the credulous"). Here, although Moreno based her statement on her general experience about insurance claims, she had no particular information to support her statement about Ponce's insurance, and therefore, the district court concluded that she based her statement on an assumption which was meant to coax Ponce into paying the bill. We see no reversible error in the district court's conclusion that this statement would have been misleading to the least sophisticated consumer and therefore violated § 1692e(10).

The district court also rejected BCA's invocation of the bona fide error defense on each of these three claims. To maintain the bona fide error defense, a debt collector must show by a preponderance of the evidence that its violation "(1) was not intentional; (2) was a bona fide error; and (3) occurred despite the

maintenance of procedures reasonably adapted to avoid any such error." Edwards v. Niagara Credit Solutions, Inc., 584 F.3d 1350, 1352–53 (11th Cir. 2009). All three elements must be satisfied or the defense fails. Id. at 1353. Here, we find no reversible error in the district court's conclusion that BCA failed to meet its burden by relying solely on its internal policies without any specific explanation of how its errors were unintentional or how the policies were meant to protect against such errors.

Finally, BCA argues that the district court erred in awarding Ponce the maximum statutory damages of $1000 for its three violations of the FDCPA. "Available remedies under the FDCPA include actual damages, the potential for additional damages up to $1,000 subject to the Court's discretion, and reasonable costs and attorney's fees." LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1190 (11th Cir. 2010). In determining the amount of damages to award, the FDCPA instructs the district court to consider, "among other relevant factors—, . . . the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1). Here, we cannot say that the district court abused its discretion.

**AFFIRMED.**

6