[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10451
Non-Argument Calendar
_____

D.C. Docket No. 3:11-cv-00686-J-JRK

EMORY A. KINSEY,

Plaintiff-Appellant,

versus

MLH FINANCIAL SERVICES, INC.,

Defendant-Appellee.

_____

No. 12-10452
Non-Argument Calendar
_____

D.C. Docket No.  3:10-cv-01055-J-JRK

EMORY A. KINSEY,

                                                            Plaintiff-Appellant,

                                    versus

MLH FINANCIAL SERVICES, INC.,

                                                            Defendant-Appellee.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(February 14, 2013)

Before DUBINA, Chief Judge, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Appellant Emory Kinsey ("Kinsey") appeals *pro se* the magistrate judge's

dismissal of his actions under the Fair Debt Collection Practices Act, 15 U.S.C.

§§ 1692-1692p ("FDCPA"), the Florida Consumer Collection Practices Act, Fla.

Stat. § 559.72 ("FCCPA"), and other Florida state-law provisions.[1]

Kinsey filed a complaint in the district court on November 16, 2010.  He

also filed a complaint in Florida state court on June 13, 2011, which MLH

Financial Services, Inc. ("MLH") removed to federal court.  In his complaints,

---

[1] The parties consented to a magistrate judge presiding over this case pursuant to 28 U.S.C. § 636 et seq.

2

Kinsey alleged that, upon his separation from the military, NCNB National Bank of Florida ("NCNB") repossessed one of his vehicles. It then obtained a 1990 Florida state-court judgment against him in the amount of $3,175.86. Thereafter, on June 15, 2009, MLH served him with a notice of sale and assignment of judgment that it filed with the Florida state court, in which it claimed to have purchased the judgment in November 2002. MLH thereafter obtained a writ of execution, and, through the Sheriff, levied upon Kinsey's vehicle. Ultimately, on September 17, 2009, MLH agreed to accept $2,000.00 in full satisfaction of Kinsey's debt.

On appeal, Kinsey argues that the magistrate judge erred by dismissing both complaints for failure to state a claim.[2] He asserts that he sufficiently stated claims under the FDCPA, FCCPA, and other Florida state-law provisions inasmuch as MLH collected upon a judgment that it did not own in light of various deficiencies with the assignment, MLH's state-court filings, and the collection process.[3]

---

[2] Kinsey filed purported objections to the magistrate's report and recommendation in both cases after the magistrate judge entered final judgment, and the magistrate deemed them moot. He also appealed both of these orders, but has abandoned any assignment of error by failing to address the magistrate judge's orders in his brief. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (holding that, although we liberally construe *pro se* briefs, a *pro se* party abandons issues not raised on appeal).

[3] MLH argues that Kinsey's appeals are untimely. The magistrate judge, however, did not set forth either judgment in a separate document, and Kinsey timely filed his notices of appeal within the resulting 180-day period within which to appeal. *See* Fed.R.App.4(a)(1)(A), (7)(A)(ii); Fed.R.Civ.P. 58(a). We conclude, therefore, that we have jurisdiction to consider both

3

We review the dismissal of a complaint for failure to state a claim, as well as the accompanying statutory interpretations, *de novo*. *Timson v. Sampson*, 518 F.3d 870, 872 (11th Cir. 2008). The complaint must contain sufficient factual matter, which, accepted as true, states a claim for relief that is plausible on its face. *Wooten v. Quicken Loans, Inc.*, 626 F.3d 1187, 1196 (11th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)). A claim is plausible on its face when it permits the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*.

A court does not have to accept a plaintiff's legal conclusions as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009). A plaintiff does not state a claim for relief by offering mere "labels and conclusions," "formulaic recitations of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." *See id*. (internal quotation marks and alterations omitted). Allegations that the defendant harmed the plaintiff, without more, will not suffice to satisfy the plaintiff's burden. *See id*.

In resolving a motion to dismiss under Rule 12(b)(6), the court generally limits itself to a consideration of the pleadings and exhibits attached thereto. *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000). Exhibits that are attached to a pleading are considered part of the pleading for all purposes.

---

of Kinsey's appeals. *See Rinaldo v. Corbett*, 256 F.3d 1276, 1278 (11th Cir. 2001) (holding that the time limit within which to appeal is "mandatory and jurisdictional").

*See* Fed.R.Civ.P. 10(c).  A court, however, may consider documents attached to a motion to dismiss without converting it to a motion for summary judgment where the attached documents are central to the plaintiff's claim and their authenticity is not challenged.  *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).  When exhibits attached to a complaint contradict a plaintiff's general and conclusory allegations, the exhibits govern despite a court's duty to accept a plaintiff's allegations as true.  *See Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007).

Congress enacted the FDCPA in order to eliminate debt collectors' abusive debt-collection practices and protect consumers against debt-collection abuses.  *Edwards v. Niagara Credit Solutions, Inc*. 584 F.3d 1350, 1352 (11th Cir. 2009).  Individuals maintain civil causes of action against any debt collector who fails to comply with the FDCPA's requirements.  *Id*.  Similarly, the state of Florida passed the FCCPA, which prohibits any person, in collecting upon a consumer debt, from using or threatening force or violence, disclosing information that affects the debtor's reputation, willfully communicating with the debtor or his family with such frequency as can reasonably be expected to harass the debtor or his family, willfully engaging in any other conduct that can reasonably be expected to abuse or harass the debtor or his family, or claim, attempt, or threaten to enforce a debt that the person knows is not legitimate.  Fla. Stat. § 559.72.

5

In Florida, absolute immunity attaches to any act that occurs during the course of a judicial proceeding so long as the act has some relation to the proceeding.  *See Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. United States Fire Ins. Co.*, 639 So.2d 606, 608 (Fla. 1994).  This privilege applies to statutory violations, including those of the FCCPA.  *See Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole*, 950 So.2d 380, 383-84 (Fla. 2007).

After reviewing the record, and reading the parties' briefs, we conclude that Kinsey failed to state any claim under the FDCPA, FCCPA, or relevant state-law provision in both of his complaints.  Accordingly, we conclude that the magistrate judge properly dismissed both complaints; thus, we affirm the judgments of dismissal.

**AFFIRMED.**