[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11560
Non-Argument Calendar
_____

D.C. Docket No. 2:12-cv-02030-TMP

ALBERT J. ISAAC,
ROSETTA W. ISAAC,

                                                              Plaintiffs-Appellants,

versus

RMB INC.,
CLOUD & TIDWELL LLC,

                                                              Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(March 17, 2015)

Before TJOFLAT, WILSON and MARTIN, Circuit Judges.

PER CURIAM:

Albert and Rosetta Isaac appeal the grant of summary judgment to RMB, Inc. on their claims alleging violations of the Fair Debt Collection Practices Act. The Magistrate Judge held that RMB had raised the bona fide error defense to the Isaacs' FDCPA claims.[1]  The Isaacs contend that was error.  The Isaacs also appeal the Magistrate Judge's order awarding costs and compelling them to attend a deposition after the initial discovery period.  We affirm.

## I.

We review de novo a grant of summary judgment, viewing all evidence in the light most favorable to the nonmoving party—here, the Isaacs.  See Owen v. I.C. Sys., Inc., 629 F.3d 1263, 1270 (11th Cir. 2011).  Summary judgment is appropriate when the record presents no genuine issue of material fact and "the moving party is entitled to judgment as a matter of law."  Id.

The FDCPA prohibits a debt collector from calling a consumer once notified that the consumer wishes the debt collector to cease communication.  15 U.S.C. § 1692c(c).  It further proscribes calling a consumer "repeatedly or continuously with intent to annoy, abuse, or harass," as well as calling "without meaningful[ly] disclos[ing] . . . the caller's identity."  Id. § 1692d(5), (6).  But the Act provides an affirmative defense from liability: the bona fide error defense.  Edwards v. Niagara Credit Solutions, Inc., 584 F.3d 1350, 1352 (11th Cir. 2009).  To assert the bona

---

[1] The parties consented to the jurisdiction of the Magistrate Judge, so the order he issued is appealable.

fide error defense, a debt collector must prove by a preponderance of evidence that its violation of the FDCPA was unintentional and was the result of a bona fide error, despite procedures reasonably adapted to avoid errors. 15 U.S.C. § 1692k(c). A bona fide error is a mistake that occurred in good faith. Edwards, 584 F.3d at 1353.

The Isaacs contend that RMB violated the FDCPA in three ways: (1) continuing to call them despite receiving a cease-and-desist letter; (2) calling them with the intent to annoy or harass; and (3) hanging up on Albert Isaac when he answered its calls without disclosing its identity. But based on the undisputed facts, the Magistrate Judge did not err in holding that all three alleged violations were the result of bona fide errors. First, RMB had two specifically trained employees who ordinarily processed cease-and-desist letters. Both employees were absent when RMB received the Isaacs' cease-and-desist letter—one on maternity leave and the other with an unexpected illness. Although the calls continued for seventeen days after RMB received the letter, as soon as the letter was logged the calls ceased without further action by the Isaacs.

Second, the Isaacs adduced no evidence that RMB called them with the intent to annoy or harass. RMB was attempting to collect debts owed by the Isaacs' adult daughter and Albert Isaac's mother. Those debtors gave the Isaacs'

3

phone number to RMB.  In any event, RMB's calls to the Isaacs were relatively infrequent and did not evidence intent to annoy or harass.

Third, RMB used a computer program to detect whether a call reached a live person or an answering machine.  The caller would identify herself only if the program detected the call was answered by a live person.  This software mistook Albert Isaac's unusually long introduction to be an answering machine's outgoing message, resulting in termination of the call without disclosure of the caller's identity.

The Magistrate Judge properly held that RMB's policies and procedures were reasonably adapted to avoid the kinds of errors that occurred in this case, and that the errors did not occur in bad faith.  See Edwards, 584 F.3d at 1352–53. RMB presented a valid bona fide error defense.

## II.

The Isaacs also challenge the Magistrate Judge's order compelling Rosetta Isaac to attend a second deposition after the discovery period had ended and awarding RMB the cost of filing a motion to compel her attendance.  In her first deposition, Rosetta Isaac refused to answer many of RMB's questions and repeatedly objected that the questions were irrelevant.  We review the Magistrate Judge's actions for an abuse of discretion.  See Serra Chevrolet, Inc. v. Gen.

Motors Corp., 446 F.3d 1137, 1146–47 (11th Cir. 2006); Chudasama v. Mazda

Motor Corp., 123 F.3d 1353, 1366 (11th Cir. 1997).

A deponent may refuse to answer questions only if "necessary to preserve a

privilege, to enforce a limitation ordered by the court, or to present a motion" to

terminate the deposition for abuse. Fed. R. Civ. P. 30(c)(2) (a deposition objection

"must be noted on the record, but the examination still proceeds"). The Isaacs

have never argued that any of these exceptions applied, so Rosetta Isaac

wrongfully refused to answer nearly all of RMB's questions.

The Magistrate Judge thus had ample authority to compel her to attend

another deposition, even after the discovery deadline, because she impeded the

original deposition. See Fed. R. Civ. P. 37(a)(3)(B)(i) (court may compel a party

to answer questions after she refuses to do so); Fed. R. Civ. P. 30(a)(2)(A)(ii)

(court may grant leave for a second deposition); Fed. R. Civ. P. 29 (court may alter

discovery procedures). The award of costs was also proper. See Fed. R. Civ. P.

37(a)(5)(A) (providing that if a motion to compel is granted, the court "must, after

giving an opportunity to be heard, require the party or deponent whose conduct

necessitated the motion . . . to pay the movant's reasonable expenses incurred in

making the motion, including attorney's fees"). The Isaacs have never argued that

an award of costs would be unjust. See Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii) (court

5

must not award costs if a deponent's nondisclosure was substantially justified or the circumstances otherwise make such an award unjust).

**AFFIRMED.**