[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-10742
Non-Argument Calendar

_____

D.C. No. 1:14-cv-00543-WS-C

ROBERT L. ARNOLD,

Plaintiff-Appellant,

versus

BAYVIEW LOAN SERVICING, LLC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(September 13, 2016)

Before WILSON, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiff-appellant Robert L. Arnold appeals from the District Court for the Southern District of Alabama's grant of summary judgment to defendant-appellee Bayview Loan Servicing, LLC ("Bayview").  Arnold's complaint alleged in relevant part that Bayview, the servicer of Arnold's mortgage loan, sent Arnold two mortgage statements in December 2013, a year after Arnold had received a Chapter 7 bankruptcy discharge and several weeks after the property had been foreclosed.  Arnold alleged that Bayview's issuance of these statements violated the Fair Debt collection Practices Act ("FDCPA" or the "Act"), 15 U.S.C. §1692 et seq..  Specifically, Arnold alleged three causes of action based on the two December statements:  (1) harassment in connection with the collection of a debt in violation of 15 U.S.C. §1692d; (2) false or misleading representation in connection with the collection of a debt in violation of 15 U.S.C. §1692e; and (3) use of unfair or unconscionable means to attempt to collect a debt in violation of 15 U.S.C. §1692f(1).  The district court granted summary judgment to Bayview on the ground that there was no genuine question of fact that "the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."  15 U.S.C. §1692k(c).  On appeal, Arnold argues that the district court erred in granting summary judgment based on the bona fide error defense.  Upon review of the briefs and the record, we affirm.

2

This court reviews a district court's ruling on a motion for summary judgment de novo. Mais v. Gulf Coast Collection Bureau, Inc., 768 F.3d 1110, 1119 (11th Cir. 2014). A motion for summary judgment is properly granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56.

The FDCPA is a consumer protection statute that "imposes open-ended prohibitions on, inter alia, false, deceptive or unfair" debt-collection practices. Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 587 (2010) (quotation marks and citations omitted). To enforce the FDCPA's prohibitions, Congress equipped consumer debtors with a private right of action, rendering "debt collectors who violate the Act liable for actual damages, statutory damages up to $1,000, and reasonable attorney's fees and costs." Owen v. I.C. Sys., Inc., 629 F.3d 1263, 1270 (11th Cir. 2011). "[T]he FDCPA affords a narrow carve-out to the general rule of strict liability, known as the 'bona fide error' defense." Id. at 1271. The defense is provided in 15 US.C. §1692k(c), which states:

(c) Intent

A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a

3

bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

As we have explained, this defense "insulates [debt collectors] from liability even when they have failed to comply with the Act's requirements." Edwards v. Niagara Credit Solutions, Inc., 584 F.3d 1350, 1352 (11th Cir. 2009).

"A debt collector asserting the bona fide error defense must show by a preponderance of the evidence that its violation of the Act:  (1) was not intentional; (2) was a bona fide error; and (3) occurred despite the maintenance of procedures reasonably adapted to avoid any such error."  Id., 584 F.3d at 1352-53 (citing Johnson v. Riddle, 443 F.3d 723, 727-28 (10th Cir. 2006)).  The failure to meet any one of those three requirements is fatal to the defense.  Id.

On appeal, Arnold argues that the district court erred in granting summary judgment to Bayview because there are genuine questions of fact as to each of the three prongs of the bona fide error defense.  We address them in turn.

The first prong of the bona fide error defense is that Bayview must show that its violation of the act "was not intentional."  Id. at 1353.  This element requires a showing "that the violation was unintentional, not that the underlying act was unintentional," such that Bayview must "establish the lack of specific intent to violate the Act.  Riddle, 443 F.3d at 728.  As discussed in detail by the district court, Bayview put forward ample evidence to show that the December statements were sent to Arnold due to what can only be described as a mistake.  See Docket

4

81 at 14-15.  The dispatch of the December statements was triggered by an employee performing a routine pre-foreclosure review of the computerized record of Arnold's loan and accidentally changing one letter in one field such that the computerized system began sending out statements automatically.   This changed the coding for the loan from "F" ("Foreclosure") – which automatically prevented any outgoing statements – to "A" ("Asset Management") – an active loan status which caused statements to be issued.  This occurred despite the fact that Arnold's loan had previously been specifically coded not to receive statements as a result of the foreclosure.

Arnold argues on appeal that the evidence proffered by Bayview is insufficient to show that the violation was unintentional because "[t]he act of sending of a statement is not and has never been what Arnold's case is about. Instead, the case is about the format and content of the statements used."  Br. For Appellant at 27.  More specifically Arnold argues that "[i]t is irrelevant that Bayview claims that [the]statements were sent in error because it intentionally uses the form statements at issue to bill mortgage borrowers with discharged debts." Br. for Appellant at 35.  In other words, Arnold argues that Bayview's defense is belied by the fact that Bayview allegedly had no system in place to prevent the sending of form statements to mortgage borrowers with discharged debts.  It is difficult to understand this argument.  The violations complained of – harassment

in connection with the collection of a debt, false or misleading representation in connection with the collection of a debt, and the use of unfair or unconscionable means to attempt to collect a debt – all stem from the two statements sent by Bayview in December 2013.  If Bayview did not intend to send these statements – a point which Arnold does not contest – then there can be doubt that its violation of the act "was not intentional."  Edwards, 584 F.3d at 1353.  Accordingly, we agree with the district court that Bayview has readily satisfied the first prong of the test.

The second prong of the bona fide error defense is that Bayview must show that its violation of the act "was a bona fide error."  Id. at 1353.  "As used in the Act, 'bona fide' means that the error resulting in a violation was 'made in good faith; a genuine mistake, as opposed to a contrived mistake."  Id. at 1353 (citing Kort v. Diversified Collection Servs., Inc., 394 F.3d 530, 538 (7th Cir. 2005)).  "To be considered a bona fide error, the debt collector's mistake must be objectively reasonable."  Id.  As discussed by the district court, Bayview argued that it was objectively reasonable to rely on its coding system to prevent the dispatch of statements in violation of the Act.  Bayview had no reason to believe that the code would be changed during the pre-foreclosure review process.  That routine process was performed by employees trained in the requirements of the FDCPA and guided by a detailed checklist.

6

Arnold argues on appeal that the evidence proffered by Bayview to demonstrate that its violation of the Act was a bona fide error is insufficient because Bayview intentionally uses the form statements at issue to bill mortgage borrowers with discharged debts.  Br. For Appellant at 26-27.  This is simply a reprise of Arnold's argument on the first prong, which we rejected above.  We agree with the district court that Bayview's mistake in issuing the December 2013 billing statements to Arnold was a bona fide error.

The third prong of the bona fide error defense is that Bayview must show that its violation of the act "occurred despite the maintenance of procedures reasonably adapted to avoid such error."  Edwards, 584 F.3d at 1353.  As discussed by the district court, Bayview argued that its general training procedures, as well as its specific procedures or pre-closure review, were designed to avoid sending statements like the December 2013 statements.  In addition to the coded computerized record system and detailed pre-foreclosure checklist discussed above, Bayview also points to its written policies and ongoing training procedures instructing employees about FDCPA prohibitions on false, deceptive, or misleading representations.  Bayview argues that these procedures are adapted to avoid error, and that no statement would have been sent but for an employee mistakenly changing a field in the computer system.

Arnold argues on appeal that Bayview's procedures are not reasonably adapted to avoid the error in the instant case because Bayview allegedly had no system in place to prevent the sending of form statements to mortgage borrowers with discharged debts.  Specifically, Arnold points out that the Bayview computer system had no code for discharged debts.  But such a code, even if it did exist, would not have prevented the error here: an employee mistakenly changing a field in the computer system.  Just as an employee here mistakenly changed the code from "F" to "A" an employee could have mistakenly changed the field from Discharged to Active.  Arnold also argues that Bayview could have drafted a different wording for the statement that would have made clear that it was not seeking payment from Arnold.  However, whether or not the alternative wording suggested by Arnold would have cured the alleged violation, the existence of such an alternative does not challenge the substantial evidence put forward by Bayview that it maintains procedures reasonably adapted to avoid error.  We agree with the district court that Bayview maintained adequate procedures.

We conclude that there is no genuine question of fact that Bayview has established all three elements of the bona fide error defense.  Therefore, the district court's grant of summary judgment is

AFFIRMED.