[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12551
Non-Argument Calendar
_____

D.C. Docket No. 2:18-cv-14060-KAM

FERNANDO CONDE,
on behalf of himself and all others similarly situated.

Plaintiff - Appellant,

versus

WEBCOLLEX, LLC,
a Virginia Limited Liability Company,
d.b.a. CKS Financial,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 26, 2018)

Before WILSON, JORDAN, and HULL, Circuit Judges.

PER CURIAM:

Fernando Conde sued Webcollex, LLC, for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA").  The district court granted Webcollex's motion to dismiss, concluding that Mr. Conde failed to state a claim upon which relief could be granted.  Because the district court properly dismissed Mr. Conde's FDCPA claim, we affirm.

**I**

Mr. Conde is a resident of Florida.  In late 2017, he received a letter from Webcollex, LLC, demanding that he repay a debt.  That letter included this boilerplate notice:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

D.E. 1 at 2.

Mr. Conde filed suit against Webcollex.  He claimed that the notice violated the FDCPA because it failed to clearly state that he could dispute "any portion" of the debt, as required by 15 U.S.C. § 1692g(a), and this omission amounted to a "false, deceptive, or misleading" representation under § 1692e(10).  The least

2

sophisticated consumer, he argued, could be misled to think that he could only dispute the entire debt.

Webcollex moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. It asserted that the letter unambiguously informed Mr. Conde that he could dispute any portion of the debt. The district court agreed and dismissed the complaint. Mr. Conde appealed.

## II

We review *de novo* the grant of a motion to dismiss for failure to state a claim under Rule 12(b)(6), accepting as true the allegations in the complaint and construing them in the light most favorable to the plaintiff. *See Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010). To survive a motion to dismiss, a complaint must contain enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The FDCPA provides a "cause of action against any debt collector who fails to comply with the requirements of the Act." *Edwards v. Niagara Credit Solutions*, 584 F.3d 1350, 1352 (11th Cir. 2009). One of the FDCPA's provisions, § 1692a(g), lists several requirements that debt collectors must include in their written notices to consumers, including:

> a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, *or any portion thereof*, is

3

disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(a)(4) (emphasis added).  And § 1692e(10) bars debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

Webcollex's letter does not violate § 1692a(g)(4) because it explicitly states that Mr. Conde can "dispute the validity of this debt *or any portion thereof*."  D.E. 1 at 2.  So Mr. Conde cannot state a claim that Webcollex omitted the necessary notice.  We turn then to Mr. Conde's second claim, that  the wording of Webcollex's letter is misleading because the second sentence does not repeat the "any portion" language when referring to the debt.

To evaluate whether a debt collector's letter violates § 1682e(10), we use the "least-sophisticated consumer" standard.  *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193 (11th Cir. 2010).  We consider the debt collector's words with an eye towards "the tendency of language to mislead the least sophisticated recipients of a debt collector's letters."  *Id.* at 1194 (quoting *Jeter v. Credit Bureau Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985)).  But the standard also presumes that the least sophisticated consumer "possess[es] a rudimentary amount of information about the world and a willingness to read a collection notice with some care."  *Id.* at 1194 (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1993)).  "While

4

protecting naive consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices." *Id.* (quoting *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 136 (4th Cir. 1996)).

Mr. Conde argues that the least sophisticated consumer could have interpreted Webcollex's letter to allow the consumer to "dispute a portion of the debt orally," but that "he could only dispute the entire portion of the debt in writing." Appellant's Br. at 15. This "incomplete disclosure," he says, was thus "confusing and misleading." *Id.* at 16.

We disagree. Webcollex's letter unequivocally stated that a consumer could "notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof." Doc. 1 at 2. The letter does not limit how a consumer may notify the office, whether orally or in writing. Nor does Webcollex distinguish its later statements by specifying that they only apply to the entire debt. As the district court ably explained, "reading the letter as a whole clearly communicates that the recipient has the right to challenge 'any portion' of the debt." District Court Op. at 5.

## V

The district court properly dismissed Mr. Conde's FDCPA claim. Accordingly, we affirm.

**AFFIRMED.**