**Theresa BRODY, Plaintiff,**

v.

**GENPACT SERVICES, LLC, Defendant.**

**Civil Action No. 13–cv–11125.**

United States District Court, E.D. Michigan, Southern Division.

Oct. 28, 2013.

---

**5.** The Court expresses no opinion as to whether re-prosecution in this case would be barred by a statute of limitations.

Christopher C. Hunter, Bauer & Hunter PLLC, Southfield, MI, Ryan S. Lee, Krohn & Moss, Ltd., Los Angeles, CA, Adam T. Hill, Krohn & Moss, Limited, CHICAGO, IL, for Plaintiff.

Charity A. Olson, Olson Law Group, Ann Arbor, MI, for Defendant.

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

BERNARD A. FRIEDMAN, Senior District Judge.

### I. Introduction and Facts

Plaintiff Theresa Brody ("plaintiff") commenced this action against defendant Genpact Services, LLC ("defendant") for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Michigan Collection Practices Act ("MCPA"), Mich. Comp. Laws § 445.251 *et seq.* Before the Court is defendant's motion for judgment on the pleadings [docket entry 16]. Plaintiff filed a response [docket entry 21] and defendant filed a reply [docket entry 25]. The Court will rule on defendant's motion without oral argument pursuant to E.D. Mich. LR 7.1(f)(2).

Defendant is a "debt collector" or "collection agency" under both the FDCPA

and MCPA respectively. 15 U.S.C. § 1692a(6); Mich. Comp. Laws § 445.251(b). In February 2013, plaintiff received a telephone call from one of defendant's representatives. Compl. at ¶ 11. Since plaintiff did not answer the call, defendant's representative left the following voicemail message:

> This message is for Theresa Brody. My name is Kevin Archer calling from Genpact Services. Call me back at 866–544–0753. Again, 866–544–0753 and my name is Kevin Archer and I am calling from Genpact Services. Please call me back. Have a great day.

*Id.* at Ex. A. Thereafter, plaintiff filed the instant complaint alleging that the voicemail message violated 15 U.S.C. § 1692e(10) and (11) because defendant used deceptive means in attempting to collect the debt and failed to disclose that defendant is a debt collector. Plaintiff further maintains that defendant's conduct ran afoul of Mich. Comp. Laws § 445.252(a) and (e).[1]

In its motion for judgment on the pleadings, defendant disclaims liability under the FDCPA because the contents of the voicemail message did not effectuate a "communication" for purposes of the statute. In response, plaintiff argues, among other things, that the contents of the voicemail message rise to the level of a "communication" as defined by the FDCPA.

## II. *Legal Standard*

■ When deciding a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), the Court applies the same legal standard as it would for a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief

can be granted. *Albrecht v. Treon,* 617 F.3d 890, 893 (6th Cir.2010). The legal standard for a Rule 12(b)(6) motion requires the Court to "construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Shane v. Bunzl Distrib. USA, Inc.,* 200 Fed.Appx. 397, 401 (6th Cir.2006) (citing *Bovee v. Coopers & Lybrand C.P.A.,* 272 F.3d 356, 360 (6th Cir.2001)). A sufficient pleading "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678–679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937.

## III. *Analysis*

Plaintiff's two FDCPA claims fail because they are not based on any actionable deception or "communication." With respect to plaintiff's first cause of action, section 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." The basis of plaintiff's second claim is section 1692e(11), which requires a debt collector to disclose, during an "initial communication with the consumer," whether it "is attempting to collect a debt and that any information obtained will be used for that purpose." 15 U.S.C. § 1692e(11).

---

1. The parties agree that the Court's analysis is identical under both the FDCPA and the MCPA. Def.'s Mot. at 3 n. 1; Pl.'s Resp. at 2 n. 1; *see also Newman v. Trott & Trott, P.C.,*

889 F.Supp.2d 948, 967 (E.D.Mich.2012) (stating that "MCPA claims which 'simply duplicate ... claims under the FDCPA' need not be addressed separately.")

Similarly, during "subsequent communications," the consumer must be informed "that the communication is from a debt collector." *Id.* The statute defines the term "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2).

In his voicemail message, defendant's representative never directly referenced the collection of a debt or the debt itself. The disposition of this matter, therefore, hinges upon the narrow question of whether defendant's representative "indirectly" conveyed information "regarding" plaintiff's alleged debt.

■ Pursuant to general canons of statutory construction, "[t]he language of the statute is the starting point for interpretation, and it should also be the ending point if the plain meaning of that language is clear." *United States v. Jackson,* 635 F.3d 205, 209 (6th Cir.2011) (quotation omitted). "[W]hen the plain meaning of a term is not defined in the text at issue or is otherwise unclear," the courts of this circuit have "turn[ed] to dictionary definitions." *United States v. Darway,* 255 Fed.Appx. 68, 71 (6th Cir.2007); see also *Appoloni v. United States,* 450 F.3d 185, 199 (6th Cir.2006) ("Where . . . no statutory definitions exist, a court may refer to dictionary definitions for guidance in discerning the plain meaning of a statute's language."). Since the FDCPA does not define the terms "indirectly" or "regarding," the Court will attempt to ascertain their plain meaning from beyond the scope of the statute's text.

An individual who says something "indirectly" is often said to "insinuate" the true meaning of their words. In fact, the dictionary definition of the verb "insinuate" is "to say (something, especially something bad or insulting) in an *indirect* way." Merriam–Webster Online Dictionary, http://www.merriam-webster.com/dictionary/insinuate (last visited Oct. 25, 2013) (emphasis added). The second term under consideration, the word "regarding," is synonymous with "about" or "concerning." *Id.* at http://www.merriam-webster.com/thesaurus/regarding (last visited Oct. 25, 2013). For example, this opinion "concerns," "is about," or (one could say) "was written in regard to" the plain meaning of two words. Substituting these commonplace terms for the statutory language, the issue presented could best be rephrased accordingly: whether defendant insinuated any information about plaintiff's purported debt. The answer is no.

■ Defendant's representative divulged only one piece of nongeneric information during the entire course of the voicemail message, namely, the identity of his employer. Viewing the complaint in a light most favorable to plaintiff, the Court finds that the word "Genpact," alone, cannot "reasonably be construed to imply a debt." *Marx v. General Revenue Corp.,* 668 F.3d 1174, 1178 (10th Cir.2011) (holding that fax sent on collection company letterhead did not constitute a "communication" under the FDCPA); *see also Hanson v. Green Tree Servicing, LLC,* No. 12–2933, 2013 WL 4504290, at *2, 2013 U.S. Dist. LEXIS 120060, at *4 (D.Minn. Aug. 23, 2013) (ruling that "telephone call at issue did not convey any information-directly or indirectly-regarding [plaintiff's] debt . . . as the message revealed only the name of the caller, the name of her company and a call-back number."). Furthermore, although plaintiff's response brief cites numerous cases in support of her position that defendant's voicemail message is a "communication," those cases were factually inapposite. *See e.g. Edwards v. Niagara Credit Solutions, Inc.,* 584 F.3d 1350, 1351 (11th Cir.2009) (collection call referenced plaintiff's file number);

*Foti v. NCO Financial Systems, Inc.,* 424 F.Supp.2d 643, 648 (S.D.N.Y.2006) (collection call referenced "personal business matter."). Consequently, defendant's voicemail message was not a "communication" under the FDCPA and the section 1692e(11) claim must fail as a result.

■ Insofar as plaintiff contends that defendant violated section 1692e(10) when it used "false representation[s] or deceptive means" to collect the asserted debt, such allegations are conclusory and insufficient to withstand a motion for judgment on the pleadings. *See Twombly,* 550 U.S. at 555, 127 S.Ct. 1955; *Iqbal,* 556 U.S. at 678–679, 129 S.Ct. 1937. The complaint does not indicate whether any of the representations in the message were either false or deceptive.

Accordingly,

IT IS ORDERED that defendant's motion for judgment on the pleadings is granted.