BERNICE BOUIE DONALD, Circuit Judge,
dissenting.
DISSENT
The majority’s opinion analyzes whether the voicemail message was a communica *746 tion by contemplating how the employee who heard the voicemail understood it. Conducting such an inquiry is not appropriate in this case. The only question should have been whether the Van Ru representative conveyed information about Brown’s loan to his employee. The reference number left in the voicemail message could have been information regarding Brown’s debt, or it could also have been merely the Van Ru representative’s employee number. However, due to the district court’s order, Brown did not have an opportunity to, via discovery, identify the true nature of the reference number.
The Fair Debt Collection Practices Act (“FDCPA”) defines a communication as a term that means the “conveying of information regarding a debt directly or indirectly to any person through any medium.” 15 U.S.C.A. § 1692a(2). The term “regarding” is not defined by the FDCPA. Therefore, I consult the dictionary to ascertain its definition. See Appoloni v. United States, 450 F.3d 185, 199 (6th Cir.2006) (“Where, as here, no statutory definitions exist, courts may refer to dictionary definitions for guidance in discerning the plain meaning of a statute’s language”) (citations omitted). Merriam-Webster’s defines regarding as a word that means “relating to something.” Merriam-Webster Online, http://www.merriam-webster. com/dictionary/regarding (last visited October 13, 2015). Thus, the ultimate question this case presents is whether the Van Ru representative conveyed information to Brown’s employee that related to his loan.
Van Ru’s representative conveyed four pieces of information in the voicemail message: (1) her name, (2) the name of the company for which she worked, Van Ru Credit Corporation, (3) her work telephone number, and (4) a reference number. The only piece of information that could relate to Brown’s loan is the reference number. See Brody v. Genpact Servs., LLC, 980 F.Supp.2d 817, 820 (E.D.Mich.2013) (holding that the name of an employer and a phone number are generic and do not refer to a debt).
Whether the reference number related to Brown’s loan depends on the nature of the reference number. For example, if the reference number was Brown’s loan identification number issued to him by the company that supplied his loan, then Van Ru’s representative would have undoubtedly conveyed information regarding Brown’s loan. The district court dismissed this case before discovery had begun. Consequently, Brown did not have the opportunity to unearth the true identity of the reference number. Until the true identity of the reference number is known, I cannot agree with the majority’s determination that the voicemail did not convey “any information” regarding Brown’s loan.
The majority’s opinion suggests that courts should consider the knowledge of the receiver of the message when deciding whether or not it constitutes a communication under 15 U.S.C. § 1692a. Thus, what could be a communication if received by one person may not be a communication if heard by another. For example, the majority opinion proposes that the voicemail message would constitute a “communication” if heard by Brown, but not a “communication” when heard by another individual who had no reason to know of Brown’s loan. Consequently, using the majority’s reasoning, a different outcome would result if Brown’s brother, who knew about his loan, overheard the voicemail message, but not if his sister overheard it but did not know about his loan.
In my view, either the Van Ru representative conveyed information regarding Brown’s loan or she did not. Conducting that inquiry has nothing to do with evaluating what Brown’s employee knew or did *747 not know. Since the nature of the reference number has yet to be disclosed, this case was dismissed prematurely. Accordingly, I would remand to the district court to allow Brown an opportunity to conduct discovery.
For the foregoing reasons, I respectfully dissent.