BETH BLOOM, UNITED STATES DISTRICT JUDGE
*1376 THIS CAUSE is before the Court upon Defendants' Motion to Dismiss Class Action Complaint (the "Motion"). See ECF No. [9]. The Court has carefully considered the Motion, all supporting and opposing submissions, the record and applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted.
I. BACKGROUND
Plaintiff Lara McElveen ("McElveen") alleges that she incurred a debt stemming from the financing of a motor vehicle that was subsequently reduced to judgment. See ECF No. [1], at ¶ 9. After the debt went into default, Defendant Westport Recovery Corp. ("Westport") acquired the debt and garnished Plaintiff's wages. See Id. at ¶¶ 10-11. On September 14, 2016, Plaintiff sent Westport an email stating "[t]his says I owe over 42,0000 [sic]. That was not the paperwork I received from the court. How is this possible I received paperwork that stated almost 20,000.00." See Id. at ¶ 12. That same day, Defendant Debra L. Greenberg responded to Plaintiff on behalf of Westport with an email containing a statement (the "Statement") of the amount owed. See Id. at ¶ 13. According to Plaintiff, the Statement is false and misleading because it miscalculates the amount of interest due. See Id. at ¶ 15. Plaintiff also alleges that the Statement shows that Westport assessed Plaintiff's "costs related to the garnishment prior" to authorization by the state court. See Id. at ¶ 16. The Statement was the first time Defendants disclosed to Plaintiff their calculation of interest and the date of assessment of costs. See Id. at ¶ 17.
On September 18, 2017, Plaintiff filed her Complaint, alleging that Defendants violated Sections 1692e and f of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.See Id. On December 18, 2017, Defendants filed the Motion. See ECF No. [9]. Plaintiff timely filed her response, ECF No. [16], and Defendants have timely filed their reply, ECF No. [19]. The Motion is now ripe for adjudication.
II. LEGAL STANDARD
Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly , 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ; see Ashcroft v. Iqbal , 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on " 'naked assertion[s]' devoid of 'further factual enhancement.' " Iqbal , 556 U.S. at 678, 129 S.Ct. 1937 (quoting Twombly , 550 U.S. at 557, 127 S.Ct. 1955 (alteration in original) ). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly , 550 U.S. at 555, 127 S.Ct. 1955. These elements are required to survive a motion brought under Rule 12(b)(6), which requests dismissal for "failure to state a claim upon which relief can be granted."
When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. See *1377 Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance , 304 F.3d 1076, 1084 (11th Cir. 2002) ; AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC , 608 F.Supp.2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Twombly , 550 U.S. at 555, 127 S.Ct. 1955 ; see Iqbal , 556 U.S. at 678, 129 S.Ct. 1937 ; Thaeter v. Palm Beach Cnty. Sheriff's Office , 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." Am. Dental Ass'n v. Cigna Corp. , 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting Iqbal , 556 U.S. at 682, 129 S.Ct. 1937 ).
A court considering a Rule 12(b)(6) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. See Wilchombe v. TeeVee Toons, Inc. , 555 F.3d 949, 959 (11th Cir. 2009) ; Maxcess, Inc. v. Lucent Technologies, Inc. , 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing Horsley v. Feldt , 304 F.3d 1125, 1135 (11th Cir. 2002) ).
III. DISCUSSION
Defendants allege that Plaintiff's Complaint should be dismissed because: (1) the Complaint is barred by the statute of limitations; (2) the Statement was not an attempt to collect on a debt; (3) Plaintiff's claim under Section 1692f is barred by the statute of limitations; (4) Plaintiff's claim under Section 1692f fails to state a claim; (5) Plaintiff's claim under Section 1692e fails to state a claim; and (6) Plaintiff's allegations, which form the basis of her claim under Section 1692e, cannot also establish a separate violation of Section 1692f. See ECF No. [9]. The Court agrees that Defendants' first two arguments warrant dismissal of Plaintiff's Complaint with prejudice. The Court's analysis will accordingly be limited to these two arguments.
A. Plaintiff's Complaint is time-barred.
Section 1692k(d) of the FDCPA states, "An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs." Plaintiff acknowledges that "the one-year statute of limitations would normally run Thursday, September 14, 2017." ECF No. [16], at 1. The Court, however, was closed on September 14, 2017, due to Hurricane Irma. See ECF No. [1], at ¶ 14; ECF No. [16], at 1-3. Plaintiff alleges that the Complaint is therefore timely because it was filed once the Court reopened on September 18, 2017. See Id. Defendants, on the other hand, contend that the Court was not "inaccessible" because its electronic case filing system remained operational that day. See ECF No. [9], at 7-8. The Court agrees with Defendants.
Whether Plaintiff's Complaint is considered timely depends on whether the Court was "inaccessible" under Federal Rule of Civil Procedure 6(a)(3), which states that if the Clerk's office is "inaccessible ... on the last day for filing ... then the time for filing is extended to the first accessible day that is not a Saturday, Sunday, or legal holiday."
Prior to its 2009 amendment, the rule referred to "weather or other conditions" as the reason for the inaccessibility of the clerk's office. As the advisory committee's *1378 notes to the 2009 amendment to subdivision (a)(3) state: "The reference to 'weather' was deleted from the text to underscore that inaccessibility can occur for reasons unrelated to weather, such as an outage of the electronic filing system . Weather can still be a reason for inaccessibility of the clerk's office. The rule does not attempt to define inaccessibility. Rather, the concept will continue to develop through caselaw." Fed. R. Civ. P. 6(a)(3) advisory committee's notes to 2009 amendment (emphasis added).
Indeed, emerging caselaw suggests that, "given the advent of electronic case filing (ECF), a clerk's office is no longer 'inaccessible' just because it may be physically closed on a particular day." Domazet v. Willoughby Supply Co. , No. 1:14-CV-1455 GLS, 2015 WL 4205279, at *3 (N.D.N.Y. July 10, 2015) ; see also Heinzl v. Cracker Barrel Old Country Stores, Inc. , No. 14-1455, 2016 WL 2347367, at *12 (W.D. Pa. Jan. 27, 2016) ("Nor could Attorney Mall contend that the Clerk's Office was 'inaccessible' on December 31, 2015 under Rule 6(a)(3) because, pursuant to the electronic filing features of ECF, the Clerk's Office is always open for the reception of electronic filings, including on weekends and holidays."); Westfield Ins. Co. v. Interline Brands, Inc. , Civil No. 12-6775, 2013 WL 1288194, at *5 (D.N.J. Mar. 25, 2013) ("Due to the electronic filing capabilities of the court, the [d]efendants were able to file their Notice of Removal on October 31, 2012, on the electronic filing system (CM/ECF) despite the fact that the Clerk's Office was physically inaccessible on that date [due to Hurricane Sandy ].") (emphasis added); Miller v. City of Ithaca , No. 3:10-cv-597, 2012 WL 1589249, at *3 (N.D.N.Y. May 4, 2012) ("With electronic filing, the Clerk's office was accessible for purposes of filing papers and [d]efendants could have filed their motion in a timely manner."); Shareef v. Donahoe , No. 3:11-cv-00615-W, 2012 WL 934125, at *2 (W.D.N.C. Mar. 20, 2012) ("[A]ttorneys are not affected by the early closing of the Clerk's office because they have the ability (and are required) to file pleadings electronically and may do so until midnight of the filing deadline."); In re Wholesale Grocery Prods. Antitrust Litig. , No. 09-MD-2090, 2011 WL 586413, at *1 (D. Minn. Feb. 8, 2011) ("January 17, 2011 was a holiday, but the Court's electronic CM/ECF system was in operation and therefore the Clerk's Office was not 'inaccessible' as contemplated by Rule 6 of the Federal Rules of Civil Procedure."); In re: Buckskin Realty Inc , 525 B.R. 4, 11 (Bankr. E.D.N.Y. 2015) (noting "case law [which] suggests that the advent of ECF has further restricted the meaning of inaccessibility," and finding that the clerk's office was not inaccessible, in part because "the [m]ovants [did] not allege a malfunction by the [c]ourt's ECF system"); McDow, Jr. v. Runkle (In re Runkle) , 333 B.R. 734, 739 n. 3 (Bankr. D. Md. 2005) ("Filing by ECF ends the concept of the clerk's office being inaccessible on weekends and legal holidays. Under ECF, the clerk's office is always open for the reception of filings.").
In response, Plaintiff points to the severity of Hurricane Irma, the mandatory evacuations in South Florida, and the loss of power that affected many areas. See ECF No. [16], at 2. Plaintiff further contended that:
The Court may very well be inaccessible even though the filing system is operational, as litigants and counsel located in the immediate area of a natural disaster like Hurricane Irma may not be able to access the Court's filing system due to the need to make preparations for the hurricane and may also not be able to access the Court's filing system due to the loss of electrical power and internet connections during and after the hurricane.
*1379 Id. at 3. Plaintiff's contention is certainly true, and the Court would not hesitate to find the clerk's office to be "inaccessible" where the office itself was closed and a litigant could not access the electronic filing system due to some technical complication. However, conspicuously absent from Plaintiff's Complaint or response to the Motion are any allegations that on September 14, 2017-three to four days after the storm had passed-Plaintiff's counsel were without power or internet access, that the Court's electronic filing system was down, that they attempted to file the six-page Complaint using the electronic filing system but were unable to, or that they even tried to access the electronic filing system at all.[1] These omissions are particularly important in light of the Southern District of Florida's Local Rules, which require attorneys to file pleadings electronically. See, e.g. , S.D. Fla. L.R. 5.1(b); S.D. Fla. CM/ECF Administrative Procedures 2A, 8A.
The parties cite to Chao Lin v. U.S. Atty. Gen. , where the Eleventh Circuit Court of Appeals stated in dicta that "Official closure of the Clerk's office for any reason makes that office 'inaccessible.' " 677 F.3d 1043, 1045 (11th Cir. 2012). Unlike the present case, in Chao Lin , the Court had to determine whether a clerk's office could be considered "inaccessible" when it is open for business. See Id. In Chao Lin , the Lins' petition for review of a decision of the Board of Immigration Appeals was filed with the Eleventh Circuit one day late. See Id. at 1044. The Lins urged the Eleventh Circuit to rule that their petition was timely because they paid Federal Express to provide overnight delivery 29 days after the Board issued its decision "and, but for a delay caused by inclement weather, the petition would have reached [the Eleventh Circuit] on the day it was due." Id. The Eleventh Circuit ultimately concluded:
The Lins' argument fails under any recognized standard for inaccessibility. No extenuating circumstances are present here. The Lins offer no evidence or assertion that the weather made it impossible for them to access the Clerk's office, nor do they contend that they lacked internet access to file their petition electronically . The Clerk's office was not physically inaccessible due to inclement weather. [T]hat office remained open ... and was accessible to the general public. Although the Lins assert that they should not suffer for the delay by Federal Express, they fail to explain how the Clerk's office was inaccessible.
Id. at 1046 (emphasis added) (internal citations and quotations omitted). Thus, the Court is not persuaded that Chao Lin precludes the Court's finding, considering the Eleventh Circuit's acknowledgement that the Lins' failure to contend that they lacked internet access to file documents electronically weighed against a finding that the Clerk's office was inaccessible.[2] Mindful of recent caselaw on the matter and Plaintiff's failure to allege that her counsel did not in fact have access to the internet or the Court's electronic filing system, the Court finds that the clerk's office was not "inaccessible" on September 14, 2017. Accordingly, Plaintiff's Complaint was not timely filed under Section 1692k(d) of the FDCPA.
*1380 B. The Statement was not an attempt to collect on a debt under the FDCPA.
The Court also finds that Plaintiff's Complaint fails to state a claim under the FDCPA because the Statement was not an attempt to collect on a debt. "For the FDCPA to apply, two threshold criteria must be met. First, the defendant must qualify as a 'debt collector,' an issue which is not disputed in the present case. Second, the communication by the debt collector that forms the basis of the suit must have been made 'in connection with the collection of any debt.' " Dyer v. Select Portfolio Servicing, Inc. , 108 F.Supp.3d 1278, 1280 (M.D. Fla. 2015) (citing 15 U.S.C. § 1692c(a) ); see also Gburek v. Litton Loan Servicing LP , 614 F.3d 380, 384 (7th Cir. 2010).
The FDCPA does not explain what is meant by "in connection with the collection of any debt," and the Eleventh Circuit has not established a bright-line rule. Nevertheless, "courts have developed a factor-based analysis that takes into account: '(1) the nature of the relationship of the parties; (2) whether the communication expressly demanded payment or stated a balance due; (3) whether it was sent in response to an inquiry or request by the debtor; (4) whether the statements were part of a strategy to make payment more likely; (5) whether the communication was from a debt collector; (6) whether it stated that it was an attempt to collect a debt; and (7) whether it threatened consequences should the debtor fail to pay.' " Bohringer v. Bayview Loan Servicing, LLC , 141 F.Supp.3d 1229, 1240-41 (S.D. Fla. 2015).
Importantly, courts have found that letters sent for informational purposes, such as those "sent in response to correspondence or an inquiry from a debtor are communications induced by the debtor and not the debt collector. Thus, they do not fall within the ambit of the FDCPA." Dyer v. Select Portfolio Servicing, Inc. , 108 F.Supp.3d 1278, 1283 (M.D. Fla. 2015) ; see also Goodson v. Bank of America, N.A. , 600 Fed.Appx. 422, 434 (6th Cir. 2015) ; Grden v. Leikin Ingber & Winters PC , 643 F.3d 169, 173 (6th Cir. 2011).
It is undisputed that the Statement was sent to Plaintiff following her email to Defendants inquiring about the amount owed. Considering the factors articulated above, the Court concludes, as a matter of law, that the Statement received by Plaintiff was not a communication sent in connection with the collection of a debt. On the one hand, the Statement specified an amount due and was sent by Defendants, a debt collector. On the other hand, the Statement did not demand payment; was unequivocally sent in response to an inquiry or request by the debtor; was not likely part of a strategy to make payment more likely, as the Statement did not include any phone numbers, addresses, or any other information regarding how payment could be made; did not state that it was an attempt to collect a debt;[3] and failed to threaten any consequences should the debtor fail to pay. See ECF No. [1-1]. On *1381 balance, it is evident that the Statement was not a collection attempt or even an attempt to induce payment from Plaintiff. Instead, the Statement was "merely a ministerial response to a debtor inquiry, rather than part of a strategy to make payment more likely." Grden , 643 F.3d at 173 ; see also Bohringer , 141 F.Supp.3d at 1242 ("Statements of account are not debt collection activity; rather, they are normal incidents of loan servicing."). Plaintiff has therefore failed to state a claim under the FDCPA.[4]
IV. CONCLUSION
For the reasons stated, it is ORDERED AND ADJUDGED that Defendants' Motion to Dismiss Class Action Complaint, ECF No. [9] , is GRANTED . As an amendment would be futile, the Complaint is DISMISSED WITH PREJUDICE . See Jimenez v. Cont'l Serv. Grp. Inc. Conserve , No. 17-CV-60270, 2017 WL 2833441, at *2 (S.D. Fla. June 30, 2017) ("A court considers an additional amendment futile if, by amending the complaint, a plaintiff would still be unable to state a sufficient cause of action."). The Clerk is directed to CLOSE this case.
DONE AND ORDERED in Miami, Florida, this 13th day of March, 2018.

The Court's ECF system was in fact operational, as nine cases were filed on September 14, 2017. See ECF No. [9], at 27-29.

While the Court is sympathetic that a storm happened to come by during the last week of Plaintiff's limitations period, the Court notes that, unlike the Lins, who had 30 days to file their petition, Plaintiff had a year to file the Complaint.

In her response, Plaintiff mentions that the Statement was attached to an email sent by Greenberg that stated "[t]his communication is from a debt collector attempting to collect a debt and any information obtained will be used for that purpose." ECF No. [16], at 4. The Court, however, is not convinced that the inclusion of boilerplate language at the end of the email outweighs the other factors that overwhelmingly support the conclusion that the Statement was not a communication in connection with the collection of a debt. See Bohringer , 141 F.Supp.3d at 1243 ("Plaintiffs also rely on the May 21 Letter's disclaimer [sic] the letter is an attempt to collect a debt and Bayview is a debt collector. This disclaimer is boilerplate text that, while not irrelevant, cannot meaningfully shift the analysis.") (internal citation omitted).

Plaintiff does not evaluate the factors articulated in the Court's analysis. Instead, Plaintiff cites to Hart v. Control, LLC , 871 F.3d 1255 (11th Cir. 2017) to support her position that "[t]he only requirement for the information to be a communication under the FDCPA is that 'it must be regarding a debt.' " ECF No. [16], at 4-6. As Plaintiff points out, however, the question before the Hart court was whether a voicemail message was a communication under the FDCPA. See Id. at 4 ; see also Hart , 871 F.3d at 1257 ("The voicemail left by Credit Control falls squarely within the FDCPA's definition of a communication.... We need not look any further than the statutory language of the FDCPA to decide that the voicemail is a 'communication.' "). Here, there can be no dispute that the Statement is a communication under the FDCPA. Rather, the issue is was whether the Statement is a communication "in connection with the collection of any debt."