# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 26, 2021

Lyle W. Cayce
Clerk

No. 20-30471

Zachary Fontana,

*Plaintiff—Appellant*,

*versus*

H O V G L L C, *doing business as* Bay Area Credit Service, L.L.C.,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:20-CV-100

Before Elrod, Willett, and Engelhardt, *Circuit Judges*.
Jennifer Walker Elrod, *Circuit Judge*:

After a debt collector spoke with Zachary Fontana's sister over the phone, Fontana sued, alleging a violation of the Fair Debt Collection Practices Act's prohibition on communicating with third parties about a consumer's debt. The district court dismissed Fontana's claim, and he now appeals the dismissal. Because the conversation between Fontana's sister and the debt collector was not a "communication" as defined by the statute, we AFFIRM the district court's judgment.

No. 20-30471

## I.

HOVG LLC, which does business as Bay Area Credit Service LLC, operates a debt collection service. In early 2019, a representative of Bay Area Credit Service attempted to call Fontana regarding a consumer debt he allegedly owed. Fontana did not answer, and the representative did not leave a message. Roughly ten minutes later, the representative called Fontana's sister's phone number and had the following conversation:

**Fontana's sister**: Hello?

**Collector**: Hello, good afternoon, my name is Lisa Hayes calling you on a recording line. Am I talking to Zachary Fontana?

**Fontana's sister**: This is not his number.

**Collector**: Oh—ah, so do you know him?

**Fontana's sister**: Who . . . where are you from?

**Collector**: Ok, I'm calling from Bay Area Credit Service. Actually, it's an important personal business matter for him, ok? Can I talk to the spouse?

**Fontana's sister**: I'm not sure I want to give you his number, so what agency are you with?

**Collector**: Ok, uh, that is why I'm asking. Can I talk to the spouse so I can discuss about this?

**Fontana's sister**: This is his sister, and this is not his phone number and I do not live near him, that is why I was going to have him contact you if it was that important.

No. 20-30471

**Collector**: It is an important personal business matter for him, ok. I will give you my call back number ma'am. You can provide my number and tell him to call me back.

**Fontana's sister**: What agency is this with?

**Collector**: Bay Area Credit Service.

**Fontana's sister**: Ok, I'll tell him to give you a call.

**Collector**: Ok, you can see my call back number on your caller ID?

**Fontana's sister**: Ok, I'll tell him to give you a call.

**Collector**: Please tell him to call me back on this number.

**Fontana's sister**: All right.

Fontana's sister contacted Fontana and told him to call the agency back that same day. Fontana, "concerned and harassed by [HOVG's] call to his sister," called a lawyer immediately. Later that day, he called HOVG back, and HOVG attempted to collect Fontana's medical debt.

In January 2020, Fontana filed a lawsuit in the Western District of Louisiana. HOVG filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The district court dismissed Fontana's claim with prejudice, and Fontana now appeals the dismissal of his lawsuit.

## II.

We review a district court's grant of a motion to dismiss *de novo*, "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs." *Anderson v. Valdez*, 845 F.3d 580, 589 (5th Cir. 2016) (quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th

No. 20-30471

Cir. 2008)). To succeed on a motion to dismiss, the plaintiff's complaint must plead sufficient facts to state a claim for relief if those facts were accepted as true. *Id.* A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

The Fair Debt Collection Practices Act provides that debt collectors "may not communicate, in connection with the collection of any debt, with any person other than the consumer" or certain other prescribed parties to the debt "without the prior consent of the consumer." 15 U.S.C. § 1692c(b). Section 1692b provides an exception for debt collectors who communicate with third parties "for the purpose of acquiring location information about the consumer." *Id.* § 1692b. "The term 'location information' means a consumer's place of abode and his telephone number at such place, or his place of employment." *Id.* § 1692a(7).

Even when obtaining location information, a debt collector must follow prescribed protocol. Among other things, the debt collector must "(1) identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer; (2) not state that such consumer owes any debt; [and] (3) not communicate with any such person more than once." *Id.* § 1692b(1)–(3).

Fontana alleges that HOVG violated § 1692c(b) when it left a message with his sister and asked her to have Fontana return HOVG's call. According to Fontana, HOVG called Fontana's sister intending to contact Fontana, not merely to confirm his phone number. Rather than explaining that it was looking to update Fontana's contact information, HOVG asked to speak with him. And instead of obtaining location information, HOVG left a message with instructions for Fontana to return its call. Fontana contends that this

4

went beyond the scope of a permissible call for the purposes of obtaining location information.  He insists that HOVG communicated with his sister "in connection with the collection of [a] debt" in violation of § 1692c(b).

Before addressing whether that alleged conversation was a permissible call to obtain location information or not, we must first decide a related threshold issue.  Because the Act prohibits debt collectors from "communicating" with third parties in connection with the collection of a debt, we need to determine whether the alleged conversation qualifies as a "communication" as defined by the statute.

The Act states that "[t]he term 'communication' means the conveying of information regarding a debt directly or indirectly to any person through any medium."  *Id.* § 1692a(2).  Although we have interpreted other definitions in § 1692a, *see, e.g.*, *Hester v. Graham, Bright & Smith, P.C.*, 289 F. App'x 35, 41 (5th Cir. 2008) (deciding whether a party qualifies as a "debt collector" under § 1692a(6)), we have not previously addressed the scope of this definition.  However, the text makes it clear that, to be considered a communication, any message or conversation must convey "information regarding a debt."  15 U.S.C. § 1692a(2).

Even taking the pleaded facts in this case in the light most favorable to Fontana, the conversation between HOVG's representative and Fontana's sister did not convey any information regarding a debt, either directly or indirectly. HOVG's representative did not mention Fontana's debt at all and did not directly provide any information about it.  Instead, HOVG's representative mentioned "an important personal business matter."  That does not even suggest the existence of a debt, much less provide information about it.  The closest HOVG's representative came to giving information about a debt was providing the name of the debt collector.

Stating the debt collector's name, however, does not even indirectly convey any information regarding a debt. The smallest piece of information about a debt that a debt collector could potentially convey to a third party is the debt's existence. Therefore, to indirectly convey information regarding a debt, a conversation or message would need to, at the very least, imply that a debt existed. Knowing the name of a debt collector does not imply the existence of a debt. Here, the representative gave the name Bay Area Credit Service. The average consumer likely would not know that Bay Area Credit Service is a debt collection agency. Although the company's name includes the word "Credit," "the word 'credit' refers to a category of financial activities far broader than debt collection" and would not necessarily imply the existence of a debt. *Brown v. Van Ru Credit Corp.*, 804 F.3d 740, 742 (6th Cir. 2015).

Even if the average consumer recognized the company's name and identified it as a debt collector, receiving a phone call from a debt collector does not suggest any information about an underlying debt. Nor does it imply that the person the debt collector wants to speak with owes a debt at all. Debt collectors may call for any number of reasons, including to obtain location information about another individual as contemplated by § 1692b. Or, as the HOVG representative stated here, it could be a matter of personal business that might be separate from the collection of a debt, such as a response to an employment application. Simply knowing the name of the debt collection agency does not imply that a debt exists and so does not indirectly convey information regarding a debt.

Had HOVG provided any additional information beyond its name, the analysis might be different. Even small bits of information can indirectly convey information regarding a debt. For example, in *Hart v. Credit Control, LLC*, the Eleventh Circuit held that a message stating, "This call is from a debt collector" qualified as a "communication" because it "indicated that a

debt collector was seeking to speak with [the person] as a part of its efforts to collect a debt." *Hart v. Credit Control, LLC*, 871 F.3d 1255, 1256, 1258 (11th Cir. 2017). By stating the caller's purpose, the debt collector in that case had not directly conveyed any information regarding the underlying debt to be collected. Yet it had indirectly conveyed the information that such a debt existed and implied that the call was in connection with that debt.

That did not happen in this case. HOVG's representative gave only the agency's name and no other information regarding its business or the true reason for its call. The representative told Fontana's sister that the call was about an "important personal business matter," which, even in the light most favorable to Fontana, does not imply that a debt existed. Without more, simply knowing the name of a debt collector does not indirectly convey information regarding the debt.

We find support for our interpretation in the opinions of our sister circuits that involved similar facts. In one case where a debt collector's voice message included only the name of the debt collector but no information regarding the debt, the Sixth Circuit held that "[t]o convey information regarding a debt, a communication must at a minimum imply the existence of a debt. Otherwise, whatever information is conveyed cannot be understood as 'regarding a debt.'" *Brown*, 804 F.3d at 742. The Seventh and Tenth Circuits have also agreed that "a debt collector's message must at least *imply* the existence of a debt to meet the Act's definition of 'communication.'" *Lavallee v. Med-1 Sols., LLC*, 932 F.3d 1049, 1055 (7th Cir. 2019) (holding that a message that contained only the name of the debt collector was not a "communication" under the Act); *accord Marx v. Gen. Revenue Corp.*, 668 F.3d 1174, 1177 (10th Cir. 2011) (holding that a fax that contained the name of the debt collector and the debtor's account number was not a "communication" because it could not "reasonably be construed to imply a debt").

In this case, HOVG's representative did not convey any information to Fontana's sister that would imply a debt existed. The representative revealed only the name of the debt collector. But conveying information about a debt collector is not the same as conveying information about a debt. Because the conversation between HOVG's representative and Fontana's sister did not even imply the existence of a debt, much less convey information about one, it was not a "communication" as defined by the Act. Fontana has therefore failed to adequately plead facts that suggest a plausible violation of the Fair Debt Collection Practices Act. Accordingly, we do not need to address whether the conversation was made "in connection with the collection of any debt." 15 U.S.C. § 1692c(b).

## III.

Because Fontana has failed to plead sufficient facts to establish a violation of the Fair Debt Collection Practices Act, we AFFIRM the district court's judgment.