# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE
APPLICATION OF JOSE CEJA.

No. 82496

FILED

MAY 11 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

---

JOSE CEJA,
               Appellant,
vs.
THE STATE OF NEVADA,
               Respondent.

## ORDER DISMISSING APPEAL

This is an appeal from a district court order denying a petition to terminate sex offender registration requirements. Eighth Judicial District Court, Clark County; Rob Bare, Judge.

When this court's initial review of the docketing statement and documents before this court revealed a potential jurisdictional defect, this court ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. Specifically, it appeared that the notice of appeal was untimely filed. Notice of entry of the challenged order was served electronically on January 13, 2021. Thus, the notice of appeal was due to be filed in the district court by February 12, 2021. *See* NRAP 4(a)(1). Appellant did not file the notice of appeal in the district court until February 16, 2021. Accordingly, this court ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction.

Appellant explains that an administrative order was entered in the Eighth Judicial District Court on November 12, 2020, closing the clerk's office for in-person filing until November 30, 2020. This closure was subsequently extended until March 15, 2021. Pursuant to NRCP 6(a)(3)(A), if the district court clerk's office is inaccessible, the time to file a document

21-13459

is extended to the first accessible day that is not a Saturday, Sunday, or legal holiday. A similar rule exists in this court. *See* NRAP 26(a)(3)(A). Appellant argues that under the district court's administrative orders, the clerk's office was closed, and thus inaccessible, on February 12, 2021, when the notice of appeal was due, and that the clerk's office remained inaccessible until March 15, 2021, when it reopened. Thus, appellant contends, the deadline to file the notice of appeal was extended until March 15, 2021. In line with this contention, appellant argues that the notice of appeal filed on February 16, 2021, was not untimely but early by nearly one month.

While counsel concedes that electronic filing may have been available in the district court, she asserts that she has been in the process of transitioning to working remotely, which has posed challenges. Further, the many directives issued by the district court have been confusing, and counsel was personally affected by the pandemic. Counsel asserts that she attempted to comply with the deadline to file the notice of appeal but "[d]ue to unforeseen circumstances," did not file the notice of appeal until the next available court day.

Where, as here, counsel is a registered user of the district court's electronic filing system, all documents, including the notice of appeal, are required to be filed electronically. *See* EDCR 2.02; EDCR 8.02. Appellant's counsel does not assert that the district court's electronic filing system was inaccessible on the date the notice of appeal was due. Counsel thus fails to demonstrate that the clerk's office was inaccessible on the date the notice of appeal was due and that the due date for the notice appeal was extended under NRCP 6(a)(3). *See, e.g., McElveen v. Westport Recovery Corp.*, 310 F. Supp. 3d 1374, 1377-79 (S.D. Fla. 2018) (concluding that the



clerk's office was not "inaccessible" under FRCP 6(a)(3) where plaintiff did not allege that counsel lacked access to the internet or the court's electronic filing system); *In re Buckskin Realty Inc.*, 525 B.R. 4, 11 (Bankr. E.D.N.Y. 2015) (stating "case law suggests that the advent of ECF has further restricted the meaning of inaccessibility" under FRCP 6(a)(3) and Fed. R. Bank. P. 9006(3)(A)); *see also Organic Cannabis Found., LLC v. Comm'r of Internal Revenue*, 962 F.3d 1082, 1088-90 (9th Cir. 2020) (distinguishing between electronic and non-electronic filings when considering whether the clerk's office was inaccessible within the meaning of FRCP 6(a)(3) on the last day of filing period). Further, this court is unable to extend the deadline to file the notice of appeal based on the reasons provided by appellant's counsel. NRAP 26(b)(1)(A) ("[T]he court may not extend the time to file a notice of appeal except as provided in Rule 4(c)."). Accordingly, this court lacks jurisdiction, *see Healy v. Volkswagenwerk Aktiengesellschaft*, 103 Nev. 329, 331, 741 P.2d 432, 433 (1987) (this court lacks jurisdiction where a notice of appeal is untimely filed), and

ORDERS this appeal DISMISSED.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc: Chief Judge, Eighth Judicial District Court
Eighth Judicial District Court, Department 32
Lobo Law PLLC
Attorney General/Carson City
Attorney General/Las Vegas
Eighth District Court Clerk